## Wytheville.

### BISHOP V. BAGLEY AND OTHERS.

#### June 15, 1905.

1. EMINENT DOMAIN—*Report of Commissioners—Failure to Sign—Adoption.*— Where commissioners appointed to enquire and report upon the propriety and expediency of flooding land by mill-dam meet upon the land and agree upon a report which they authorize one of their number to write out and sign for them, and such report is so written out and signed, and afterward acknowledged and adopted by all the commissioners in open court, this is a reasonable and sufficient compliance with the law.

2. EMINENT DOMAIN—*Flooding Land—Report of Commissioners—Conclusive Effect.*—The report of commissioners, duly appointed under the provisions of section 1349 of the Code 1904, that if leave is granted to erect a mill-dam at a given place "the health of the neighborhood will be annoyed by the stagnation of water caused by said pond producing malaria, chills and fever," is under the provisions of section 1353 of Code of Va. 1904, conclusive against the applicant to erect the dam, and no evidence will be heard against it.

Error to a judgment of the Circuit Court of Lunenburg county in a proceeding to re-establish a mill and dam. Judgment for defendants. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*Wm. E. Neblett* and *Meade Haskins,* for the plaintiff in error.

*A. B. Dickinson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Appellant, Bishop, presented his application in writing to the County Court of Lunenburg county for the re-establishment of a mill and mill dam, on Flat Rock Creek, and in February, 1901, the County Court pronounced an order appointing commissioners to investigate and·report upon the subject, as provided by the Code of 1887, section 1349. From time to time such proceedings were had in the County Court that on the 13th of August, 1901, an order was entered refusing the application; and thereupon Bishop appealed to the Circuit Court, where the judgment of the County Court was reversed and the matter retained for further proceedings.

At the November term, 1901, the Circuit Court appointed five commissioners, four of whom made a report to the April term, 1902. To this report numerous exceptions were taken, and the court, being of opinion that the report was not sufficiently definite with respect to certain matters of inquiry, set aside the report and appointed a new commission consisting of five persons. Three of these commissioners acted, and made their report to the November term, 1902. To this report appellant filed numerous exceptions, and at the May term, 1903, an order was entered dismissing his application, and he thereupon obtained an appeal from one of the judges of this court.

There are numerous assignments of error, of which we shall consider only two.

The final report in the case was excepted to by appellant upon the ground that it was signed by only one of the commissioners appointed. From the bill of exceptions it appears that the three commissioners met and acted together, and directed one of their number to prepare their report, embodying the results of their inquiry and deliberation. This duty was performed by

T. C. Maddux, who drew up the report and signed his own name to it and also the names of the other two commissioners. Some time thereafter L. A. Gee saw the report and adopted it. J. S. Saunders, the other commissioner, had never seen the report until it was read to him in open court, but having heard it he declared that it correctly stated his views, and that the commissioners had authorized one of their number to prepare and sign the report because they lived in different sections of the county and it was not convenient for them to perform the work together in one day. And thereupon the report and the signatures thereto, as made by T. C. Maddux, were duly acknowledged in open court by the commissioners for whom he had signed.

This seems to us a reasonable and sufficient compliance with the law, and the exception to the report on that account was properly overruled by the Circuit Court.

The other ground of exception to which we shall allude, and which being decisive of the case obviates the necessity for dealing with any other, is to that part of the report which states that "if said leave is granted to erect said mill dam at said place, the health of the neighborhood will be annoyed by the stagnation of water caused by said pond producing malaria, chills and fever." In support of his exception, appellant offered to show by the testimony of numerous witnesses that the re-establishment of the dam would not affect the health of any one. But the court refused to hear testimony upon the subject, and overruled the exception.

So much of section 1353 of Va. Code, 1904, as bears upon this point is as follows: "If, on the report, or on other evidence, it appears to the court that by granting such leave the mansion house of any person other than the applicant himself, or the outhouses, yard, garden, or orchards thereto belonging, will be

overflowed or taken, or that the health of the neighbors will be annoyed, the leave shall not be granted."

In *Mayo* v. *Turner,* 1 Munf. 405, Judge Tucker say that "the only question in this case is whether the inquest of the jury finding that the health of certain persons in the neighborhood, of whom appellee's family were a part, will be annoyed by the erection of a mill-dam, &c., be conclusive against the petitioner; or whether it be competent for him to examine witnesses to impugn that finding. . . . The fifth section enacts, that 'if, on such inquests, or on other evidence, it shall appear to the court that certain inconveniences may result, or the health of the neighbors be annoyed, they shall not give leave to build the mill and dam.' From hence it appears to me that if the opinion of the jury be affirmative, that the health of the neighbors will be annoyed, the same is conclusive against the party applying to build the mill; but that, if it be merely negative, a person supposing himself likely to be aggrieved thereby may controvert such opinion of the jury by other evidence; and, if by such other evidence, it shall appear to the court that the health of the neighbors will be annoyed, they are bound by the terms of the law not to give leave to build the mill." This opinion was concurred in by all the judges.

In *Miller* v: *Trueheart,* 4 Leigh, 570, speaking of the statute under consideration, the court said: "A glance at its provisions will show how exceedingly careful it has been of the health of the citizen. The jury is directed to inquire and report, whether in its opinion the health of the neighbors will be annoyed by the stagnation of the waters. If the jury reports that no such annoyance will take place, any person may contest the truth of the statement and produce evidence before the court; and if upon this evidence, the court shall think that the jury is wrong, it will refuse leave to erect the mill; if, on the contrary, the jury reports

that the health of any part of the neighbors will in its opinion be affected, or will probably be affected, this is conclusive; no evidence can be adduced to controvert it; for the law says, that in such case the court shall not give leave to build the mill, and erect the dam." And the case of *Mayo* v. *Turner, supra,* is cited with approval.

It is true that at the time *Mayo* v. *Turner* was decided, and when it was followed in *Miller* v. *Trueheart,* the statute provided for the impaneling of a jury, and it is contended that commissioners having been substituted for a jury the authority of those cases has been impaired.

A comparison of the statutes will show that the only change in phraseology is that the former statute says that "if on such inquests, or on other evidence," while the present statute says, "if on the report, or on other evidence" it appears that the health of the neighbors will be annoyed, the leave shall not be granted.

We have then the statute law, which was interpreted by this court nearly a century ago; a revision and re-enactment of the statute law in 1849, and the substitution of the report of commissioners for a jury of inquest, the language of the statute in other respects remaining unchanged. This seems to us to be a legislative endorsement of the judicial construction, and places it outside the region of further controversy until the legislature shall see fit to interpose.

Upon the whole case, we are of opinion that there is no error in the judgment of the Circuit Court, which is affirmed.

*Affirmed.*